CHAISSON, Judge.
12This is a suit by a subcontractor against the general contractor and its statutory bond surety for monies owed under the subcontract. The Ohio Casualty Insurance Company (“Ohio Casualty”), the statutory bond surety, appeals from a judgment finding it liable to Pierce Foundations, Inc. (“Pierce”), the subcontractor, for monies owed under the subcontract. Pierce answered the appeal seeking modification of the date on which interest began to accrue on the judgment. We dismiss the appeal as premature due to the district court’s failure to rule on a pending motion for new trial.
FACTS AND PROCEDURAL HISTORY
Pierce entered into a written contract with JaRoy Construction, Inc. (“JaRoy”), to provide and install pilings for Jefferson Parish’s “Terrytown Gymnasium” project. During the course of the construction, Pierce filed suit against JaRoy alleging that it was owed additional monies under the subcontract. Pierce later added Ohio Casualty as a defendant, alleging that, as the surety of JaRoy under a construction bond, it guaranteed the performance of JaRoy under the contract and therefore was jointly and severally liable with JaRoy for the | ..¡additional monies owed under the subcontract. In response, Ohio Casualty alleged that Pierce had no cause of action against it because Pierce had failed to timely perfect its lien on the project pursuant to the Louisiana Public Works Act.
On December 13, 2012, after a trial on the merits, the district court rendered judgment in favor of Pierce and against Ohio Casualty, awarding Pierce additional monies under the subcontract. On February 7, 2013, after a hearing on a motion for partial new trial filed by Pierce, the district court amended the judgment to modify the date on which interest began to accrue on the judgment. On February 20, 2013, Pierce filed a second motion for partial new trial, again seeking a modification of the date on which interest began to accrue. On February 21, 2013, the district court, without a hearing or notice to Ohio Casualty, issued a second amended judg *1020 ment which not only again modified the date on which interest began to accrue, but also held Ohio Casualty liable for additional principal sums. Also on that date, the district court marked the order requesting a hearing on Pierce’s second motion for partial new trial as “moot”.
On March 1, 2013, Ohio Casualty filed a motion for suspensive appeal. On the same date, Ohio Casualty also filed a motion for new trial seeking to have the February 21, 2013 judgment declared a nullity due to the district court’s failure to provide notice to Ohio Casualty, or an opportunity to be heard, before it issued the second amended judgment. On March 7, 2013, the district court signed an order of appeal. On March 11, 2013, Pierce filed a motion to strike Ohio Casualty’s motion for appeal as premature, due to the district court’s alleged failure to first rule on Pierce’s second motion for partial new trial. Pierce also requested that Ohio Casualty’s motion for new trial be declared moot. At a hearing on March 18, 2013, the district court, apparently under the impression that he was divested of [Jurisdiction due to the filing of a motion for appeal, continued all of the pending motions without date until resolution of the appeal.
DISCUSSION
La. C.C.P. art. 2123(C) provides that “[a]n order of appeal is premature if granted before the court disposes of all timely filed motions for new trial ...” Ohio Casualty’s motion for a new trial filed on March 1, 2013, was timely filed. The record does not reflect, either by transcript, by minute entry, or by written judgment, that Ohio Casualty’s motion for new trial has ever been disposed of. The March 18, 2013 minute entry indicates that its motion for new trial was continued without date. Therefore, Ohio Casualty’s motion for new trial was pending before the district court on March 7, 2013, when he signed the order of appeal, rendering the order of appeal premature.
La. C.C.P. art. 2088 provides that the jurisdiction of the appellate court attaches on the granting of the order of appeal. It is evident that if the order of appeal is premature, the jurisdiction of the appellate court does not attach. Here, the order of appeal was premature and therefore this court does not have jurisdiction to hear the appeal at this time. Finally, La. C.C.P. art. 2162 provides that “[a]n appeal can be dismissed at any time ... for lack of jurisdiction of the appellate court ...”
CONCLUSION
Having determined that this court lacks jurisdiction of this case, we dismiss the appeal. The matter is remanded to the district court for further proceedings consistent with this opinion.

APPEAL DISMISSED; CASE REMANDED.